## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| BERNARD GERBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1228 CEJ |
| | ) | |
| JAY ENGLEHART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Bernard Gerber for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, a civil detainee at Missouri Sexual Offender Treatment Center ("MSOTC") brings this action under 42 U.S.C. § 1983 for alleged deliberate indifference to his medical needs. Named as defendants are Jay Englehart (psychiatrist, MSOTC), Martha Smith (nurse practitioner, MSOTC), and "various John and Jane Does." The complaint seeks monetary and injunctive relief.

Plaintiff alleges that he suffers from "Schizo Effective - Bi Polar Type" disorder and Post-Traumatic Stress Disorder. Plaintiff claims that since his arrival at MSOTC in February 2000 he has had eight psychiatrists and one nurse practitioner who were in charge of his psychiatric care. Plaintiff says that he has been prescribed several

different medications and several dosages of his medications since sometime in 2003. Plaintiff alleges that he experienced sleepwalking, nightmares, and suicidal thoughts as a result of the medicines he was taking. Plaintiff claims that he met with defendants Englehart and Smith on March 6, 2007, to discuss his nightmares. According to plaintiff, Englehart told plaintiff that the medications were not responsible for the nightmares and that he needed to resolve the nightmares in group therapy. Plaintiff alleges that Englehart also told him "that he could drug Gerber so much he wouldn't remember his own name." Finally, plaintiff alleges that on May 20, 2007, he had a nightmare that caused him to fall out of bed and break his collarbone.

**Discussion**

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). "[T]he Eleventh Amendment bars suit against the state or state officials acting in their official capacity." Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 743 (8th Cir. 1998). As a result, the complaint is barred by the Eleventh Amendment and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). "[C]laims of inadequate medical treatment which reflect a mere disagreement with [state] authorities over proper medical treatment do not state a claim of constitutional magnitude." Massey v. Hutto, 545 F.2d 45, 46 (8th Cir. 1976). The allegations in the instant complaint do not rise to the level of a constitutional violation because they reflect a mere disagreement between plaintiff and defendants as to how to most effectively treat his mental disorders. That is, defendants did not deny plaintiff medical care; instead, they continuously monitored his condition and changed his medications in an effort to combat his symptoms. Consequently, even if plaintiff had brought this suit against defendants in their individual capacities, it would still fail to state a claim under 42 U.S.C. § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 23rd day of October, 2007.

_____
UNITED STATES DISTRICT JUDGE